UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES NELSON AND<br>BARBARA NELSON | * | CIVIL ACTION NO. |
| Plaintiffs | * | |
| | | |
| VERSUS | * | JUDGE |
| | | |
| AMERICAS INSURANCE<br>COMPANY | * | |
| Defendant | * | MAGISTRATE |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## NOTICE OF REMOVAL

TO:   The Honorable Judges and The Honorable Clerk of this Court
       United States District Court
       Middle District of Louisiana

Americas Insurance Company, ("AIC") sought to be made defendant in this matter, who, on reserving all rights and defenses, including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 21st Judicial District Court Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Middle District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

Plaintiffs instituted this proceeding on September 5, 2017 in the 21st Judicial District Court Parish of Tangipahoa, State of Louisiana, entitled *Charles Nelson and Barbara Nelson versus Americas Insurance Company,*" Docket No. 2017-2508, Division D.  A copy of the pleading from the 21st Judicial District Court for the Parish of Tangipahoa is attached hereto as Exhibit "A".

2.

In the petition, Charles Nelson and Barbara Nelson ("Plaintiffs"), seek recovery for losses or damages incurred as a result of fire to the property located at 26780 Horseshoe Road, Independence, Louisiana.

3.

Defendant, AIC, was served via the Louisiana Secretary of State on September 14, 2017. Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of AIC receiving service of process of the petition in compliance with 28 U.S.C. § 1446 (b). This Notice of Removal is filed less than one year after commencement of the action in State Court.

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a) and (b). There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.

Pursuant to 28 U.S.C. § 1446 (a), attached hereto as Exhibit "A" is a copy of all pleadings filed in the record of the State Court pleadings.

6.

Plaintiffs are alleged to be domiciled in the State of Louisiana. *See* Petition for Damages at Paragraph 1.

7.

AIC is a foreign insurer incorporated and domiciled under the laws of the District of Columbia (Washington, D.C.) *See* attached Exhibit "B" Certificate of Compliance, Exhibit "C"

Certificate of Authority, and Exhibit "D" Declaration of William Schreiner.  28 U.S.C. § 1332 (c)(1).

8.

Further, AIC's principal place of business is located in Vienna, Virginia.  *See* attached Exhibit "D" Declaration of William Schreiner.  28 U.S.C. § 1332 (c)(1).

9.

In accordance with Louisiana law, the Petition for Damages does not specify an amount of damages.  However, the Petition specifically alleges that Plaintiffs' home sustained significant damage after it first flooded and then later caught on fire and that AIC has not provided sufficient compensation to Plaintiffs.  *See* Petition for Damages at Paragraph 7-14.

10.

Plaintiffs' contend they have demanded, and are entitled to $142,635.00.  See Petition for Damages at Paragraph 13.

11.

Further, Plaintiffs allege that AIC is liable to Plaintiffs for violations of Bad Faith pursuant to La. R.S. 22:1973. *See* Petition for Damages at Paragraph 25.

12.

AIC denies that any amounts in excess of $73,648.51 are due under the policy, and further denies that it acted in bad faith or in an arbitrary, capricious manner.  Thus, these amounts sought by Plaintiffs are properly considered for purposes of determining the amount in controversy.  *See Daniels v. Metropolitan Prop. & Cas. Ins. Co.,* No. 03-1900, 2003 WL 22038371 (E.D. La. Aug. 15, 2003).

13.

As indicated by their lawsuit, Plaintiffs seek damages that will include statutory penalties and attorney's fees pursuant to Louisiana Revised Statute 22:1973.  *See* Plaintiffs' Petition for Damages at Paragraph 19.  Penalties may be as much as two times the amount sought of the amount of damages.  *See* La. Rev. Stat. 22:1973.  Here, the statutory penalties sought are over and above the limits of the policy, attached hereto as Exhibit "E."  *Albardado v. State Farm Mut. Auto Ins. Co.,* No. 91-2036, 1991 WL 165733, (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met.)

14.

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3rd 1250 (5th Cir. 1998).  Relying on this precedent, Louisiana District Courts have included penalties sought under both La. Rev. Stat. 22:1892 and 22:1973 to ascertain the amount in controversy.  *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp 143, 144 (M.D. La. 1986) (penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy.)  Thus, the amount in controversy is clearly well beyond the $75,000.00 requirement.

15.

Considering the amounts sought for the property damage loss and the amount sought through statutory penalties and damages, the amount in controversy for Plaintiffs' claims clearly exceeds $75,000.00, exclusive of interest and costs.

16.

For the reasons stated above, AIC desires and is entitled to have this cause removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court, for the Middle District of Louisiana.

17.

AIC has sought no similar relief with respect to this matter.

18.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

19.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law. (*See* Notice of Filing of Notice of Removal attached as Exhibit "F").

20.

AIC files this Notice of Removal without waiving any defenses available to it, including, but not limited to, defenses available to it under Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

21.

AIC presents herewith the sum of $400.00 as required by 28 U.S.C. § 1446.

22.

The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Louisiana.

WHEREFORE, defendant, Americas Insurance Company, hereby files this Notice of Removal and removes this civil action to the United States District Court for the Middle District

of Louisiana. Plaintiffs are notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

Respectfully submitted,

_s/ Rachel L. Flarity_
**MATTHEW D. MONSON (25186), T.A.**
**ROBIN C. DUNFORD (27213)**
**KEVIN P. RICHE (31939)**
**RACHEL L. FLARITY (33131)**
**LAURA H. ABEL (33175)**
**BLAKE J. LUSK (35514)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:    (985) 778-0678
Facsimile:    (985) 778-0682
Email: Matthew@Monsonfirm.com
        Robin@Monsonfirm.com
        Kevin@Monsonfirm.com
        Rachel@Monsonfirm.com
        Laura@Monsonfirm.com
        Blake@Monsonfirm.com
_Counsel for Americas Insurance Company_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Middle District of Louisiana, this 4th day of October, 2017.

_s/ Rachel L. Flarity_